**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INES IBRAHIM, | No. 12-56689 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09150-SJO-MAN |
| v. | |
| BAYER CORPORATION DISABILITY PLAN, an ERISA plan, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 28, 2014
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here.  Appellant Ines Ibrahim challenges the district court's

judgment upholding the denial of her short-term disability benefits by Appellee

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bayer Corporation Disability Plan ("Plan"). We affirm the decision of the district court.

The Plan explicitly gives the administrator the discretion to determine whether a beneficiary is disabled and to interpret the terms of the Plan. When the terms of a disability plan confer such discretion on a plan administrator, we review a decision by the administrator to deny benefits for an abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc).

We must account, however, for the fact that the same entity—i.e., Bayer—both administers and funds the Plan. A plan administrator facing this kind of structural conflict of interest may have an improper incentive to deny claims. Our abuse of discretion review in this case should therefore be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Id.* at 967. Any procedural irregularities that occurred during the handling of Ibrahim's claim are likewise "a matter to be weighed in deciding whether [the] administrator's decision was an abuse of discretion." *Id.* at 972.

After considering all of the relevant factors, we conclude that the Plan administrator did not abuse its discretion in denying Ibrahim short-term disability benefits after April 27, 2008. As the district court held, there was sufficient

evidence in the record to allow the administrator to conclude that, as of that date, Ibrahim was capable of performing her job duties and thus was not disabled under the terms of the Plan. The administrator had received an opinion to that effect from a consulting physician, Dr. Bill Hennessey, who examined Ibrahim's job description and concluded that she was capable of doing her job. The administrator was entitled to credit Dr. Hennessey's opinion rather than the conclusory and belated opinion of Dr. Yip, Ibrahim's treating physician.

Any procedural errors committed by the Plan administrator do not alter our conclusion. Although the administrator could have done a better job communicating to Ibrahim what kind of evidence was requested of her and the exact reasons for its denial of benefits, the evidence in the record suggests that all available information relevant to Ibrahim's claim was before the administrator when it made its final decision or, at the very least, before the district court below. The administrator did not, moreover, fail to consider any of the relevant evidence that Ibrahim provided.

Similarly, Bayer's structural conflict of interest does not "appear[] improperly to have influenced [the] plan administrator's decision." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 631 (9th Cir. 2009). The presence of that conflict thus casts little, if any, doubt on the decision of the administrator.

3

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**